UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| JERRY PERKINS, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case No. 4:10CV881 HEA |
| VENGROFF, WILLIAMS, and ASSOCIATES, INC. | ) | |
| Defendant. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the court on Defendant's Motion to Dismiss, [Doc. No. 7], Plaintiff's Motion for Summary Judgment, [Doc. No. 12], Defendant's Motion to Strike, [Doc. No. 14], and Defendant's Motion for Sanctions, [Doc. No. 17]. For the reasons set forth below, Defendant's Motion to Dismiss is granted, Plaintiff's Motion for Summary Judgment and the Motion to Strike are denied as moot, and Defendant's Motion for Sanctions is denied.

## Facts and Background

Plaintiff filed this action, *pro se*, alleging various violations of the Fair Debt Collection Practices Act, (FDCPA), 15 U.S.C. § 1692 *et seq*. Plaintiff's Complaint contains six counts. The Complaint alleges that Defendant is a debt collector as defined in 15 U.S.C. § 1692a(6), that Plaintiff received a dunning

letter from Defendant on May 13, 2009, which stated that the amount due from Plaintiff was $16,803.85, that the letter falsely represented the character and amount of the debt, and that Defendant's conduct was willful and intentional and that Defendant had knowledge that Plaintiff did not owe the balance Defendant was attempting to collect.  Count I states that Defendant's actions violate 15 U.S.C. § 1692e(2); Count II claims Defendant's actions violate 15 U.S.C. § 1692e(10); Count III states the conduct violates 15 U.S.C. § 1692f(1); Count IV alleges Defendant violated 15 U.S.C. § 1692g(a)(1); Count V claims a violation of 15 U.S.C. § 1692g(b); and Count VI alleges that on June 29, 2009, Defendant attempted to settle the debt without verifying the amount, violating 15 U.S.C. § § 1692e, 1692f and 1692g.  Plaintiff seeks actual, statutory and punitive damages in an amount in excess of seventy five thousand dollars.

## Discussion

**Motion to Dismiss**

When ruling on a motion to dismiss for failure to state a claim, the Court must take as true the alleged facts and determine whether they are sufficient to raise more than a speculative right to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).  The Court does not, however, accept as true any allegation that is a legal conclusion. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009).   The

complaint must have "'a short and plain statement of the claim showing that the [plaintiff] is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555 (quoting Fed.R.Civ.P. 8(a)(2)) and then *Conley v. Gibson*, 355 U.S. 41, 47 (1957), abrogated by *Twombly*, supra); see also *Gregory v. Dillard's Inc.*, 565 F.3d 464, 473 (8th Cir.) (en banc), cert. denied, 130 S.Ct. 628 (2009). While detailed factual allegations are not necessary, a complaint that contains "labels and conclusions," and "a formulaic recitation of the elements of a cause of action" is not sufficient. *Twombly*, 550 U.S. at 555; accord *Iqbal*, 129 S.Ct. at 1949. The complaint must set forth "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; accord *Iqbal*, 129 S.Ct. at 1949; *C.N. v. Willmar Pub. Sch., Indep. Sch. Dist. No. 347*, 591 F.3d 624, 629-30 (8th Cir.2010); *Zutz v. Nelson,* 601 F.3d 842, 848 (8th Cir. 2010); *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. If the claims are only conceivable, not plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570; accord *Iqbal*, 129 S.Ct. at 1950. In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "the complaint should be read as

a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible." *Braden*, 588 F.3d at 594. The issue in considering such a motion is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of the claim. See *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

The court does not consider matters outside the pleadings under Rule 12(b)(6). *See* Fed.R.Civ.P. 12(d). The court, however, may consider matters of public record and materials that are "necessarily embraced by the pleadings." See *Porous Media Corp. v. Pall Corp.,* 186 F.3d 1077, 1079 (8th Cir.1999) (citation and internal quotation marks omitted). In this case, the pleadings embrace the initial collection letter sent to Plaintiff. Exhibit 1, attached to the Complaint.

Congress enacted the FDCPA "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692e.

The FDCPA requires that an entity collecting a debt make certain disclosures to the person from whom it attempts to collect a debt. These disclosures include:

(1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor. FDCPA, 15 U.S.C. § 1692g(a).

In the event the consumer notifies the debt collector, in writing, within thirty days that the debt at issue is disputed, the debt collector is required by the FDCPA, § 1692g(b), to "cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment." Further, the FDCPA does not require that an independent investigation of the validity of a debt referred for collection be conducted. *Jenkins v. Heintz,* 124 F.3d 824, 828 (7th Cir.1997).

The letter from Defendant to Plaintiff provides:

We have been engaged by the above creditor [Drive Financial-Asset Recovery] who has turned over your account for collection in the amount listed above [$16,803.85].

NOTICE

Unless, within thirty days after the receipt of this notice, you dispute the validity of the debt or any portion thereof, we will assume the debt to be valid. If within thirty days after your receipt of this notice, you notify us in writing that the debt or any portion thereof is disputed, we will obtain verification of the debt or a copy of a judgement, if any, and we will mail to you a copy of such verification or judgement. If the original creditor is different from the creditor named above, then upon your written request within thirty days after the receipt of this notice we will provide you with the name and address of the original creditor.

Counts I and II allege that Defendant's listing of the amount being claimed violated Sections 1692e(2) and 1692e(10). These subsections provide:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

*   *   *

**(2)** The false representation of--

**(A)** the character, amount, or legal status of any debt; or

**(B)** any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.

*   *   *

**(10)** The use of any false representation or deceptive means to collect or

attempt to collect any debt or to obtain information concerning a consumer.

Plaintiff's Complaint fails to set out any allegations regarding how the listing of the amount of the debt was false, deceptive or misleading. Likewise, Plaintiff fails to state any facts which set forth a claim that Defendant used any false representation or deceptive means to collect the debt. As Defendant points out, the letter was not even a demand for payment, rather, it was a notice that Defendant had been hired to collect the debt.

Count III states that Defendant violated Section 1692f(1). Subsection f(1) provides:

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> **(1)** The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

The letter sent to Plaintiff contains the language required pursuant to the statute. Plaintiff's Count III fails to identify how this letter was in any way unfair or unconscionable.

As to Count IV, Plaintiff alleges that Defendant violated 15 U.S.C. § 1692g(a)(1), which requires a debt collector to send a written notice containing

"the amount of the debt" within five days of the debt collector's initial communication with the debtor.  The letter clearly set forth the amount of the debt in the upper right hand corner of the correspondence.  Plaintiff fails to set forth any allegations as to how the correspondence failed to contain "the amount of the debt."  Assuming that Plaintiff disputes this amount, Count IV contains no allegations in that regard.

Count V alleges that Plaintiff received a dunning letter from Defendant which failed to add, "if the consumer notifies debt collector in writing within the 30 day period, the debt collector shall cease collection of the debt or any portion thereof."  Plaintiff alleges the letter violated 15 U.S.C. § 1692g(b).  Subsection (b) provides:

> (b) Disputed debts
> If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) of this section unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the

consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

Nothing in Subsection (b) requires Defendant to add this language in any correspondence with Plaintiff. Furthermore, Plaintiff does not allege that he did indeed request verification of the debt, or that collection efforts after such a written request were not halted.

Count VI alleges that Defendant attempted to settle the debt without verifying the debt or the amount in violation of Sections 1692e, 1692f and 1692g. There are, however, no allegations that Plaintiff provided Defendant with a written request to verify the debt or to state that the debt was disputed. Additionally, Plaintiff does not allege that Defendant continued to attempt to collect the debt after the initial notice that it had been retained to collect the debt.

As clearly set out, Plaintiff's Complaint is merely "a formulaic recitation of the elements of a cause of action" which is not sufficient under Rule 12(b)(6). *Twombly*, 550 U.S. at 555; accord *Iqbal*, 129 S.Ct. at 1949. Plaintiff's Complaint fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; accord *Iqbal*, 129 S.Ct. at 1949; *C.N.,* 591 F.3d at 629-30; *Zutz,* 601 F.3d at 848; *Braden*, 588 F.3d at 594. Defendant's Motion to

Dismiss is well taken.

**Motion for Summary Judgment**

Plaintiff has filed a Motion for Summary Judgment arguing that the undisputed facts establish that he is entitled to judgment as a matter of law. Because the Court finds that Plaintiff's Complaint fails to state a cause of action under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Motion for Summary Judgment is denied as moot. Likewise, Defendant's Motion to Strike Plaintiff's affidavit is denied as moot. Plaintiff is admonished, however, in future pleadings to be mindful of the requirements of Fed.R.Civ.P. Rule 56 with respect to admissible evidence.

**Motion for Sanctions**

The basis of Defendant's Motion for Sanctions is that Plaintiff failed to appear for his deposition and therefore the rights of Defendant have been prejudiced. In light of the foregoing finding that the Motion to Dismiss is well taken, the Court fails to see how Defendant has been prejudiced in this litigation such that sanctions are implicated.

## Conclusion

Based upon the foregoing analysis, Defendant's Motion to Dismiss is granted. Plaintiff will be given leave to file an amended complaint.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss, [Doc. No. 7], is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment, [Doc. No. 12], is **denied as moot**;

**IT IS FURTHER ORDERED** that Defendant's Motion to Strike, [Doc. No. 14], is **denied as moot**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Sanctions, [Doc. No. 17], is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff is given 14 days from the date of this Opinion to file an Amended Complaint. Failure to file an Amended Complaint will result in dismissal of this action with prejudice.

Dated this 18th day of February, 2011.

    */s/ Henry Edward Autrey*
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE